Filed 1/5/24  P. v. Webb CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JEROME WEBB,<br><br>      Defendant and Appellant. | B328113<br><br>(Los Angeles County<br>Super. Ct. No. NA027587) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed with directions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

————————

Jerome Webb appeals from an order denying resentencing under Penal Code section 1172.75[1] after the superior court found Webb was not entitled to resentencing to strike a sentence enhancement under section 667.5, subdivision (b), because at sentencing the trial court struck the enhancement.  Webb contends, the People concede, and we agree that although the superior court was correct that the sentence enhancement was stricken at Webb's 1996 sentencing, the abstract of judgment must be corrected to reflect this.

Accordingly, we affirm the order but direct the superior court to correct the abstract of judgment to conform to the 1996 oral pronouncement of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, on January 31, 1996 Webb "engaged in a mini-crime spree in the South Bay and Long Beach area where he kidnapped, robbed, beat, sexually assaulted and terrorized four female victims."  Webb was convicted by a jury of assault with a deadly weapon or force likely to produce great bodily injury, kidnapping, robbery, and multiple sex-related offenses.  The trial court sentenced Webb under the three strikes law (§§ 667, subds. (b)-(i), 1170.12) to a life term with the possibility of parole after seven years (doubled under the three strikes law), plus 38 years eight months.

At the September 26, 1996 sentencing hearing, the trial court stated, "The court strikes the remaining allegation under

---

[1]     Further statutory references are to the Penal Code.

2

Penal Code section 667.5 (b) inasmuch as that's been used to double Mr. Webb's sentence." The September 26, 1996 minute order likewise stated that at the sentencing hearing the "remaining allegation per 667.5(B) P.C. is ordered stricken." (Capitalization omitted.) However, the amended abstract of judgment dated September 14, 1998 stated the one-year enhancement under section 667.5, subdivision (b), was stayed (not stricken).

On November 9, 2022 the case was set for a resentencing hearing pursuant to section 1172.75. That section provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."[2] Section 1172.75, subdivision (b), provides a schedule under which the Secretary of the Department of Corrections and Rehabilitation and the county correctional administrators must identify persons in custody serving sentences that include an enhancement under section 667.5, subdivision (b). Section 1172.5, subdivisions (c) and (d), provide for resentencing by the superior court.

On December 1, 2022 the superior court found, consistent with the determination by the Secretary of the Department of Corrections and Rehabilitation, that Webb was not entitled to

---

[2]     Effective January 1, 2022, Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) added section 1171.1, which was later renumbered as section 1172.75.

3

resentencing because the trial court at sentencing struck the section 667.5, subdivision (b), allegation.

## DISCUSSION

Webb contends, the People concede, and we agree the superior court must correct the abstract of judgment so that it conforms with the oral pronouncement of the trial court on September 26, 1996. (See *People v. Leon* (2020) 8 Cal.5th 831, 855 ["Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error."]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [an appellate court may order "correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts"].)

As discussed, the oral pronouncement of judgment stated the one-year sentence enhancement under section 667.5, subdivision (b), was stricken, as did the minute order, but the abstract of judgment stated the enhancement was stayed.

## DISPOSITION

The order is affirmed. The superior court is directed to prepare an amended abstract of judgment consistent with the court's oral pronouncement of judgment. The clerk of the superior court is ordered to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

FEUER, J.

We concur:


SEGAL, Acting P. J.


MARTINEZ, J.